**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MATTHEW STEVEN MEANOR, and<br>EMMA GRACE GRATTON,<br>Plaintiffs,<br><br>v.<br><br>ADAM ANDERSON, LAFFEY BUCCI D'ANDREA REICH and RYAN LAW FIRM, BEAVER COUNTY, and BEAVER COUNTY CYS,<br>Defendants. | ) | Civil No. 26-1610 |

**MEMORANDUM OPINION**

Pending now before the court is a motion to file a complaint and proceed in forma pauperis ("IFP") (ECF No. 1) filed by pro se plaintiffs Matthew Meanor ("Meanor") and Emma Gratton ("Gratton"). The IFP motion was improperly filed at Civil No. 26-654, a case in which Meanor and Gratton are named as defendants. The clerk's office removed the document from Civil No. 26-654 and refiled it in a new civil action, Civil No. 26-1610. This court will perform a frivolousness review to determine whether the IFP motion should be granted.

Discussion

In *Valdivia v. Medina*, No. CV 25-3901, 2026 WL 2137606 (D.N.J. July 24, 2026), the court recently reviewed the legal standards for considering IFP motions:

> A. In Forma Pauperis
>
> To avoid paying the filing fee for a civil case in this district, a litigant may apply to proceed in forma pauperis. In considering applications to proceed IFP, the Court engages in a two-step analysis. *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir.

> 1990). A court need not complete each step, nor must a court complete these steps in a specific order. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) ("[A] court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously.").
>
> First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). *Id.* Under section 1915(a), a plaintiff's application must "state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Simon v. Mercer Cnty. Comm. Coll.,* Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011) (citing *United States ex rel. Roberts v. Pennsylvania*, 312 F. Supp. 1, 2 (E.D. Pa. 1969)).
>
> Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e). *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *Green v. Izod Corp. Office & Head-Quarters*, Civ. No. 22-06380, 2024 WL 1809859, at *2 (D.N.J. Apr. 25, 2024) (citing *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)) ("To guard against potential 'abuse' of 'cost-free access to the federal courts,' 28 U.S.C. § 1915(e) empowers district courts to dismiss an IFP complaint if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards."). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure [('Rule')] 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).
>
> "[A] court may dismiss an in forma pauperis claim as frivolous if, after considering the contending equities, the court determines that the claim is: (1) of little or no weight, value, or importance; (2) not worthy of serious attention; or (3) trivial." *Deutsch*, 67 F.3d at 1082.

*Id.* at *1-2.

The court observed that "[a]lthough courts construe pro se pleadings less stringently than formal pleadings drafted by attorneys, pro se litigants are still required to 'allege sufficient facts in their complaints to support a claim.'" *Id*. (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). As in *Valdivia*, this court will exercise its discretion to review the merits of Plaintiffs' complaint before it decides whether to grant the IFP application in this case.[1]

---

[1] Plaintiffs did not provide any information about their financial status to qualify for IFP status.

Meanor and Gratton mistakenly used the wrong form[2] for their complaint. Named as defendants are "Adam G. Anderson, lawyer" ("Anderson"), "Lafey Bucci'D Andrea Reich and Ryan Law Firm,"[3] ("Laffey Bucci"), and Beaver County CYS.

Upon review of the allegations, it appears that plaintiffs are attempting to assert claims for defamation, slander and intentional infliction of emotional distress ("IIED") (ECF No. 1-1 at 8). Plaintiffs allege that Laffey Bucci entered federal court and filed false claims about them and that the law firm is working with Anderson in attempting to steal money pertaining to a settlement with Beaver County Children and Youth Services ("CYS"). *Id.* at 9. There are no other factual averments set forth about the conduct of any of the named defendants.

The court takes judicial notice that Anderson was appointed as the Administrator Pendente Lite for The Estate of Atlas Matthew Balkovec, the deceased infant child of Meanor and Gratton. In Civil No. 26-654, Anderson filed a complaint and amended complaint on behalf of the Estate, which named Meanor and Gratton (as well as Beaver County and several CYS employees) as defendants. The Laffey Bucci law firm represents Anderson in Civil No. 26-654. In this case, Civil No. 26-1610, Meanor and Gratton are attempting to assert defamation claims arising out of the court filings in Civil No. 26-654 against the Administrator of their deceased child's estate and against the law firm representing that adverse party.

The complaint for which Meanor and Gratton seek IFP status is faulty for numerous reasons. First, even under a deferential pro se review, it fails to allege sufficient facts to plausibly support any claim for relief. There are no specific allegations about the conduct by any

---

[2]They used a form for an interpleader complaint, which is used by persons facing multiple claims to a specific fund, for example, by an insurance company facing competing claims to the proceeds of a policy from multiple beneficiaries. *See* Federal Rule of Civil Procedure 22.

[3] The court notes that the correct name of the law firm is Laffey Bucci D'Andrea Reich & Ryan. https://laffeybucci.com/

of the named defendants. For example, there are no facts about what statements were made, how those statements may qualify as defamatory, or how they intentionally caused emotional distress. There are no averments about the alleged settlement with CYS. There are no allegations at all with respect to Beaver County CYS – which is named as a defendant (along with Meanor and Gratton) in Civil No. 26-654. To date, Beaver County's involvement in Civil No. 26-654 consists of filing motions to dismiss the complaints filed by the Estate. The complaint attached to the IFP motion falls far short of compliance with the applicable pleading standards.

The claims that Meanor and Gratton are attempting to assert against the opposing party (and opposing counsel) in Civil No. 26-654 are plainly without merit. In *Rapid Circuits, Inc. v. Sun National Bank*, No. CIV.A. 10-6401, 2011 WL 1666919 (E.D. Pa. May 3, 2011), the court explained that litigants, as a general rule, cannot sue opposing counsel:

> [I]n Pennsylvania, an attorney "will be held liable for negligence only to his client. In the absence of special circumstances, he will not be held liable to anyone else." *Smith v. Griffiths*, 327 Pa.Super. 418, 476 A.2d 22, 26 (Pa. Super. Ct. 1984) (affirming order sustaining preliminary objections where an individual sued opposing counsel for defamation on account of statements made to the court about the individual while the parties were involved in active litigation, and where the individual contended he was harmed by advice given by opposing counsel to that counsel's client but the complaint contained no allegations that the advice was intentionally erroneous in order to injure the individual). "Where an attorney represents a client in litigation or during arms length negotiations, the public interest demands that attorneys, in the proper exercise of their functions as such, not be liable to adverse parties for acts performed in good faith and for the honest purpose of protecting the interests of their clients." *Id.* (emphasis added); *see also Brown v. Delaware Valley Transplant Program*, 372 Pa.Super. 629, 539 A.2d 1372, 1375 (Pa. Super. Ct. 1988) (affirming the dismissal of claims against an attorney because counsel has immunity from suit related to actions "undertaken in connection with representation of a client in a judicial proceeding").

*Id.* at *4. Anderson, as the appointed administrator of the Estate, has a right to access the federal court. Laffey Bucci, as counsel, has the right to represent Anderson in that endeavor. The

Federal Rules of Civil Procedure provide appropriate methods to challenge allegedly improper statements made in court filings. *See, e.g*., Federal Rules of Civil Procedure 11 and 12(f).

To the extent that Meanor and Gratton seek to assert claims for malicious prosecution, those claims are premature. To succeed in a malicious prosecution claim arising out of the filings made in Civil No. 26-654, plaintiffs must show (among other things) that the proceeding was resolved in their favor. As explained in *Brown v. Binswanger Management Corp.*, No. 26-CV-475, 2026 WL 1840546, at *4 (E.D. Pa. June 25, 2026):

> In Pennsylvania, the common law action for malicious prosecution, also known as malicious use of civil proceedings, has been codified by the Dragonetti Act, 42 Pa. Cons. Stat. §§ 8351, et seq., enacted in 1980. *See Peek v. Whittaker*, No. 2:13-cv-O1188, 2014 WL 2154965, at *4 (W.D. Pa. May 22, 2014). The elements of an action for malicious prosecution as set out in the Dragonetti Act are that the defendant (1) "takes part in the procurement, initiation or continuation of civil proceedings against another," (2) "acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based," and (3) "**the proceedings have terminated in favor of the person against whom they are brought**." 42 Pa. Cons. Stat. § 8351(a).

*Id.* at *4 (emphasis added).

In summary, upon review of the IFP motion, the court concludes that the motion will be denied and the complaint will be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e). *See Valdivia,* 2026 WL 2137606 at *1-3.

Conclusion

For the reasons set forth above, the motion to proceed IFP (ECF No. 1) will be denied. The court concludes that the complaint is frivolous and fails to state a claim upon which relief may be granted and will direct that Civil No. 26-1610 be marked closed.

An appropriate Order will be entered.

Dated: August 19, 2026

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge